[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8080
The plaintiff property owner complains about the use by the defendants of a common driveway on her property for activities pertaining to a photography business.
The defendant, Dennis Oparowski, received a permit in 1987 from the Town Planning and Zoning Commission of Lebanon, allowing him to carry on a photography business at the defendants' home at 89 Kingsley Road (also known as Lot 12). The plaintiff does not contest the defendants' right to carry on such a business, but claims that the defendants' activities are in violation of an easement signed by the plaintiff and the defendants, and three other property owners. (Plaintiff's Exhibit B, as amended by Exhibit C).
Paragraph 10 of Exhibit B reads as follows:
 "10. The purpose of this Easement and the common driveway located thereon, is for ingress to and egress from Lots 8, 9 10, 11 and 12 to Kingsley Road, including all of the necessary and usual residential purposes including the location of utility services and easements."
Paragraph 12 of Exhibit C reads as follows:
 "12. All costs and legal responsibilities with regard to the common driveway, including but not limited to liability insurance, shall be borne equally by all the respective lot owners. The parties agree that liability insurance with limits of not less than $500,000. shall be maintained on said common driveway."
The plaintiff complains that advertising and two signs have led to customers of the defendants invading the common driveway (which is on her land.)
Also, according to the plaintiff, customers of the CT Page 8081 defendants would occasionally come to her house.
While originally there was liability insurance covering the common driveway, the plaintiff claims that she can no longer obtain such insurance, due to the business use of the driveway.
It is interesting to note that the plaintiff herself and another resident of Kingsley Road have used the common driveway for "cottage industries." In view of this, the defendants claim that the plaintiff does not come into court with "clean hands."
In any event, it is agreed that the court's main duty is to interpret the easement agreement and its amendment. (Exhibit B and C).
The defendants, in their excellent brief, claim that the use of the word "including" (in Paragraph 10 of the easement) indicates the intention of enlarging the easement, rather than limiting the easement.
However, in order to determine the intent of the parties, the court must look beyond Paragraph 10 of the easement.
For instance, Paragraph 5 of the easement reads as follows:
 "5. Maintenance of said common driveway shall include a minimum of a processed gravel surface fourteen (14) feet in width and free from pot holes and washouts, and shall include snow removal as is necessary to permit passage over said driveway by automobile traffic and other vehicle traffic which is normally appurtenant to the construction, maintenance and usage of single family dwellings, including access by emergency vehicles."
(Underscoring added).
The various properties mentioned in the easement CT Page 8082 are in a Residential Zone.
As to Paragraph 5 of the easement, relating to liability insurance, the various property owners were required to share the expense of such insurance. However, there is no longer any such insurance directly covering the common driveway. As noted earlier, the common driveway is wholly on the plaintiff's land, and she fears that she might be subject to personal liability if a customer of the defendants were injured, or caused injury, on said driveway.
Without casting any blame on any of the parties, the court now rules that the defendants have, perhaps innocently, violated the terms of the easement relating to the common driveway.
Wherefore a permanent injunction may enter against the defendants, prohibiting them from using the common driveway for business purposes . . . . however, the injunction is stayed for six months from the date hereof, to allow the defendants to make other arrangements for continuing their photography business.
Wright, J. State Trial Referee